**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Respondent | : | NO. 03-427 |
| | : | |
| v. | : | |
| | : | |
| HKEEM NEUBY, | : | CIVIL ACTION |
| Petitioner | : | NO. 08-2902 |

**MEMORANDUM AND ORDER**

This is a Petition under 28 U.S.C. § 2255 to vacate or set aside a sentence.

Following a jury trial, Defendant was convicted of possession of a firearm by a convicted felon and was sentenced to 252 months in prison, three years of supervised release, a fine of $1,000 and a special assessment of $100. Petitioner filed an appeal and appointed counsel subsequently filed an Anders brief, and the judgment of sentence was affirmed.

On June 20, 2008, Petitioner filed this post-conviction Petition pro se, asserting that his trial counsel and appellate counsel provided ineffective assistance of counsel.

Specifically, Petitioner claims that his counsel failed to challenge the Government's allegedly improper use of a 1997 conviction, when Petitioner was a juvenile, to enhance his sentence under 18 U.S.C. § 924 (e). Specifically, defense counsel failed to object to the Court's use of Petitioner's conviction as a juvenile to increase the sentence, and the Court was unreasonable in its consideration of the factors under 18 U.S.C. § 3553 (a).

As to ineffectiveness of appellate counsel, Petitioner alleges that his appellate counsel filed an Anders brief and did not raise any issues on behalf of the Petitioner.

Petitioner also claims there was abuse of discretion at sentencing, which enhanced Petitioner's sentence based on erroneous use of the prior conviction, the miscalculation of the criminal history score and unreasonable consideration of § 3553(a).

Petitioner asserts that he did not raise these issues on direct appeal because of ineffective counsel.

The Government filed a response on June 27, 2008.   After review of the facts and law, the Court will deny the Petition.

Defendant was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and the United States Sentencing Guidelines, § 4D1.4, based on three prior convictions in State Court.

Petitioner is correct that the offense for one of the State Court convictions occurred while he was a juvenile, i.e. while he was under 18 years of age.  However, the Government demonstrates, as verified by the pre-sentence report, that although Defendant was arrested as a juvenile, he was certified to adult court where he was convicted, pursuant to the Juvenile Act, 42 Pa. Cons. Stat. Ann §§ 6301 et seq., which provides that a youth of fourteen years of age or older may be tried as an adult, and once convicted, the conviction is considered an adult conviction.   The conviction was for theft by receiving stolen property, a crime punishable by imprisonment of a term exceeding one year.  Federal law, 18 U.S.C. § 921(a)(20), requires a federal court to accept such a state court conviction in accordance with the law of the jurisdiction in which the proceedings were held.

Therefore, counsel for the Defendant, at both trial and on appeal, could not have legitimately made any claim that Petitioner should not have been sentenced under the Armed Career Criminal Act.

Petitioner claims that his criminal history was not calculated properly are without merit, and under the principles for considering claims of ineffective counsel, see <u>Strickland v. Washington</u>  466 U.S. 668, (1984), Petitioner has failed to show that counsels' performance was deficient, or even if it was, that it prejudiced the defense.

It should be noted that Petitioner's sentencing took place in between the Supreme Court's decision in <u>Blakely v. Washington</u> 542 U.S. 296 (2004) and <u>U.S. v. Booker</u> 543 U.S. 200 (2005) and therefore the Court imposed the same sentence under § 3553 and noted that the guideline sentencing was made in the alternative. Although the Court did not specifically refer to § 3553, the sentencing colloquy shows that its factors were considered, see page 11 of transcript of October 12, 2004, where the Court noted that because of the Defendant's record, there was a need to protect the public and imprisonment was required.

For these reasons, the Petition will be dismissed without a hearing.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Respondent | : | NO. 03-427 |
| | : | |
| v. | : | |
| | : | |
| HKEEM NEUBY, | : | CIVIL ACTION |
| Petitioner | : | NO. 08-2902 |

**ORDER**

  For the foregoing reasons, the Petition is Dismissed. The Court finds no grounds upon which to issue a certificate of appeal.

  The Clerk shall close this case.

BY THE COURT:<br>
/s Michael Baylson<br>
<br>
Michael M. Baylson, U.S.D.J

8/28/08
Date

A:\08-2902 usa v. neuby Order - Habeas Corpus 2255 -.wpd